# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN XAVIER FERNANDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | No. EDCV 16-0890 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.
## INTRODUCTION

Steven Xavier Fernandez ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for social security benefits. The parties consented,

---
[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is substituted for former Acting Commissioner Carolyn W. Colvin in this case. See Fed. R. Civ. P. 25(d).

pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and this case is REMANDED for further administrative proceedings consistent with this decision.

## II.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual

functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

### III.

### THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process in evaluating Plaintiff's case. At step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2016, and had not engaged in substantial gainful activity since May 7, 2011, his alleged onset date. (Certified Administrative Record ("AR") 19). At step two, the ALJ found that Plaintiff had the following severe impairments: blindness in the left eye; left knee injury, medial meniscus tear, lateral meniscus tear, thickened synovial plica, status post operation to the left knee; diabetes mellitus; obesity; and tinnitus. (AR 19).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 20).

At step four, the ALJ determined that Plaintiff had the RFC to perform light work, further ruling that Plaintiff is blind in his left eye; his right eye is "normal;" he has no true depth perception; he has limited field of vision on the left eye; he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk one hour at a time; he can sit for "a couple of minutes" after being on his feet for one hour; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he cannot climb ladders, ropes, or scaffolds; he cannot drive at night; and he will miss work 1 to 2 times per month. (AR 21).

The ALJ determined that Plaintiff could return to his past relevant work as a newspaper salesperson. (AR 27-28). The ALJ opined that Plaintiff's work as a newspaper salesperson qualified as "past relevant work" within the meaning of Agency regulations in part because he performed it "at the level of substantial gainful activity." (AR 27). Accordingly, the ALJ concluded that Plaintiff was not disabled under the Agency's rules. (AR 28).

\\
\\
\\

# IV.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by "substantial evidence" in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**V.**

**DISCUSSION**

Plaintiff alleges that the ALJ erred in finding at step four that Plaintiff's work as a newspaper salesperson qualified as "substantial gainful activity." (Joint Stipulation at 4-8, 10-11).

For the reasons discussed below, the Court cannot readily conclude that the ALJ's step four finding was supported by substantial evidence and free of legal error. The Court will accordingly remand this matter for further proceedings.

**The Court Cannot Conclude That The ALJ's Step Four Finding Was Supported By Substantial Evidence And Free Of Legal Error**

**A. Legal Standards**

During step four of the five-step process, the ALJ must determine whether a claimant can return to his past relevant work in light of his RFC. Past relevant work is "work that [a claimant has] done within the past 15 years, which was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1) and 416.960(b)(1). Substantial gainful activity is defined as "work activity that involves doing significant physical or mental activities . . . that [a claimant does] for pay or profit." 20

C.F.R. §§ 404.1572 and 416.972. A presumption that a person engaged in substantial gainful activity is made if that person's average monthly income attributable to that activity exceeds a certain amount. 20 C.F.R. §§ 404.1574 and 416.974; <u>Keyes v. Sullivan</u>, 894 F.2d 1053, 1056 (9th Cir. 1990). However, earnings alone are not dispositive and other factors may rebut the presumption, such as "the time spent working, quality of a [claimant's] performance, special working conditions, and the possibility of self-employment." <u>Katz v. Sec'y</u>, 972 F.2d 290, 293 (9th Cir. 1992).

The Agency calculates monthly earnings by "averag[ing] earnings over the entire period of work." 20 C.F.R. §§ 404.1574a(a) and 416.974a(a); <u>see also</u> <u>Anderson v. Heckler</u>, 726 F.2d 455, 457 (8th Cir. 1984) (monthly earnings are calculated by averaging earnings over months actually worked instead of averaging earnings over the entire year). If a claimant's earnings level or work pattern significantly changes during the period of work, the Agency will average earnings during each period of work separately. 20 C.F.R. §§ 404.1574a(b)&(c) and 416.974a(b)&(c).

**B. Analysis**

At step four, the ALJ determined that Plaintiff could return to his past relevant work as a newspaper salesperson, which qualified as "past relevant work" in part because he performed it "at the level of substantial gainful activity." (AR 27).

The record is ambiguous and contradictory regarding whether Plaintiff's work as a newspaper salesperson qualifies as substantial gainful activity. In an April 2013 Work History Report, Plaintiff reported that he had worked as a newspaper salesperson between May 2002 and May 2005. (AR 261). He claimed that he was paid $300 per week and worked four hours per day, five days per week. (AR 264). Plaintiff's Disability Report contained the same information. (AR 242). A person is presumed to engage in substantial gainful activity if his average monthly income from that activity exceeded $780 in 2002 ($195 weekly, $9,360 annually); $800 in 2003 ($200 weekly, $9,600 annually); $810 in 2004 ($202.50 weekly, $9,720 annually); or $830 in 2005 ($207.50 weekly, $9,960 annually).[2] 20 C.F.R. §§ 404.1574 and 416.974; see also Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html. Plaintiff's allegations that he was paid $300 per week therefore suggest that his work selling newspapers was presumptively "substantial gainful activity." Keyes, 894 F.2d at 1056.

However, during the hearing before the ALJ, Plaintiff could not recall how much he made every year selling newspapers, but he claimed that his earnings were reported to the Internal Revenue

---

[2] Weekly figures are obtained by dividing the monthly figure by four. Annual figures are obtained by multiplying the monthly figure by twelve. Because Plaintiff alleges that he sold newspapers continuously on a fairly consistent weekly schedule between 2002 and 2005, (AR 59, 61, 242, 264), the Court applies these weekly, monthly, and annual rates interchangeably as necessary.

9

Service via a Form 1099.[3] (See AR 59, 61). Plaintiff's DISCO DIB Insured Status Report indicates that Plaintiff's earnings were $7,799 in 2002, $5,910.05 in 2003, $3,661.80 in 2004, and $14,944.87 in 2005. (AR 236; see also AR 224 (summary FICA Earnings Report showing identical earnings amounts)). In 2005, $1,284 of Plaintiff's reported earnings came from self-employment; $2,825 came from an employer with Employer Identification Number ("EIN") 223758167; $3,181 came from an employer with EIN 363952952; and $7654.87 came from an employer with EIN 593612675. (AR 227).

Based upon this evidence, in 2002, 2003, and 2004 Plaintiff's total reported earnings from all work were below the level of "substantial gainful activity" in each year ($9,360, $9,600, and $9,720, respectively). Although Plaintiff's total earnings of $14,944.87 in 2005 exceeded the "substantial gainful activity" level of $9,960, no individual employer's contribution to Plaintiff's earnings exceeded this level. Moreover, the employer that paid Plaintiff the most during 2005, the employer with EIN 593612675, does not appear on Plaintiff's FICA earnings report in previous years but appeared again in 2006, suggesting that this was not the employer for which Plaintiff sold newspapers between 2002 and 2005. (AR 225-27; see also AR 261 (Work History Report stating that Plaintiff began working as a

---

[3] "An IRS Form 1099 is used to report various types of income — other than wages, salaries, and tips — to the IRS. Such income includes, inter alia, dividends and distributions, interest, government payments, payments to independent contractors, and miscellaneous income." United States v. Srivastava, 540 F.3d 277, 284 n.10 (4th Cir. 2008).

10

collections agent for a cable company in 2005 and worked there until 2006)). This evidence suggests that Plaintiff's work as a newspaper salesperson was not performed at the level of substantial gainful activity. <u>Keyes</u>, 894 F.2d at 1056.

The ALJ's opinion states that Plaintiff sold newspapers "for 3 to 4 years . . . [for] 20 to 30 hours a week," (AR 27), but it does not discuss why the ALJ concludes that this work was performed at the level of substantial gainful activity. During the hearing, the ALJ questioned Plaintiff about his job as a newspaper salesperson, but the ALJ did not make a finding on whether this employment was performed at the level of substantial gainful activity. (AR 35-71). Although the Court cannot substitute its judgment for that of the Commissioner if the evidence could support either affirming or reversing the Commissioner, <u>Reddick</u>, 157 F.3d at 720-21, the ALJ's failure to discuss why he discounted earnings evidence reported from outside government agencies in favor of Plaintiff's self-reports prevents this Court from effectively reviewing whether the ALJ's decision to do so was supported by substantial evidence and free of legal error. <u>Aukland</u>, 257 F.3d at 1035. To the extent that the record was ambiguous regarding Plaintiff's past relevant work, the ALJ also had the duty to develop the record further regarding this issue if possible. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001) (ambiguous evidence relevant to a finding of disability triggers the ALJ's duty to develop the record); cf. <u>Dugan v. Sullivan</u>, 957 F.2d 1384, 1390-91 (7th Cir. 1992) (even where income guidelines are indisputably met, they "create only a

presumption, and they do not relieve an ALJ of the duty to develop the record fully and fairly").

The Court also observes that the vocational expert testified that he could not conclude whether "some of" Plaintiff's past jobs were performed at the level of substantial gainful activity and opined that newspaper salesperson was the only past relevant work that Plaintiff might return to given his limitations. (AR 63-64). The ALJ also did not make any alternative findings at step four or five. (AR 27-28). Therefore, the Court cannot conclude that the ALJ's error is harmless. See Carmickle v. Comm'r, 533 F.3d 1155, 1162 (9th Cir. 2008) (because the ALJ's error was inconsequential to the ultimate non-disability determination, no remand was required).

For the foregoing reasons, the matter is remanded for further proceedings. On remand, the ALJ should re-evaluate whether Plaintiff's past work as a newspaper salesperson was performed at the level of substantial gainful activity and, if necessary, proceed through the remainder of the five-step process.

\\
\\
\\

## VI.

## CONCLUSION

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 12, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**